Stuart M. Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818) 205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Sara Brooks

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA BROOKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　**1. TCPA, 47 U.S.C. § 227**<br>　**2. RFDCPA, Cal. Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sara Brooks (Plaintiff), through his attorneys, alleges the following against Defendant USAA Federal Savings Bank ("USAA"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; therefore, personal jurisdiction is established.

6. The events took place in Oceanside, San Diego County, California where Plaintiff resided at the time of the violations.

## PARTIES

7. Plaintiff is a natural person who is residing in Oregon.

8. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

10. Defendant USAA Federal Savings Bank is a banking institution engaged in the business of giving credit and collecting debt, with the principal place of business located in San Antonio, TX. Defendant can be served with process at 10750 McDermott Freeway, San Antonio, TX 78288-9876.

11. Defendant acted through its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect an alleged debt from Plaintiff.

13. In or around June of 2016, Defendant, USAA, began placing calls to Plaintiff's cellular phone number (760) 224-8300, in an attempt to collect an alleged debt.

14. The calls placed by Defendant mainly originated from (800) 531-0378. Upon information and belief, that phone number is owned or operated by Defendant.

15. On or about June 28, 2016, at 8:23 a.m., Plaintiff answered a call from Defendant originating from (800) 531-0378. Plaintiff heard a pause before a collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Plaintiff spoke with Defendant's representative, and Defendant's agent informed Plaintiff that it was attempting to collect a debt. During that call, Plaintiff unequivocally revoked consent to be called any further.

17. The next day, June 29, 2016, Plaintiff received four phone calls from Defendant, despite her request not to be called. The calls occurred at 8:28 a.m., 11:03 a.m., 12:18 p.m., and 1:49 p.m.

18. On June 30, 2016, Plaintiff received another four calls from (800) 531-0378; at 8:22 a.m., 11:21 a.m., 2:18 p.m., and 5:21 p.m.

19. Defendant even placed two phone calls to Plaintiff's cellular phone on the 4th of July holiday at 8:04 a.m. and 9:04 a.m.

20. Between June 28, 2016 and July 6, 2016, Defendant contacted Plaintiff's cellular telephone approximately twenty (20) times after Plaintiff unequivocally revoked consent to be contacted.

21. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

23. Plaintiff is employed as a homemaker and utilizes her cellular phone in emergency cases or to communicate.

24. Plaintiff has two children, one of which attends grade school and the other an infant.

25. Due to Defendant's incessant calls, Plaintiff has had difficulties during the mornings when trying to take of her children and get them ready for school.

26. Plaintiff's husband was deployed at the time and Plaintiff was acting as the primary parent and household manager.

27. Defendant's conduct induced stress, anxiety, and embarrassment in her daily routines and duties as a homemaker.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

30. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

# COUNT II

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

31. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. Defendants violated the RFDCPA. Defendants violations include, but are not limited to, the following:

   a. Defendants violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendants' violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

   iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

33. Defendants acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sara Brooks respectfully requests judgment be entered against Defendant, USAA, for the following:

 A. Declaratory judgment that Defendant violated the RFDCPA;

 B. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

 C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

 D. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

 E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

 F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 G. Any other relief that this Honorable Court deems appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Dated: August 4, 2017

RESPECTFULLY SUBMITTED,

By:*/s/ Stuart Price*
　　Stuart M. Price, Esq.
　　15760 Ventura Boulevard, Suite 800
　　Encino, CA 91436
　　T: (818) 205-2466
　　Stuart@pricelawgroup.com
　　Attorneys for Plaintiff
　　Sara Brooks